**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

KEVIN WHITE,                              )
                                          )
            Plaintiff,                     )
                                          )
v.                                        )          **Civil Action No. 1:23-00388**
                                          )
JOE HENDRICKS,                            )
                                          )
            Defendant.                     )

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 8, 2023, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 4.) In his Complaint, Plaintiff names Joe Hendricks, MLP Medical Provider, as the sole Defendant. (Document No. 4, pp. 1 – 2.) Plaintiff alleges that during a medical examination at FCI McDowell, Defendant Hendricks conducted a rectal examination that constituted a "sexual assault." (Id., p. 4.) Specifically, Plaintiff states as follows:

> On October 26, 2021, I was in the Special Housing Unit in MCI McDowell Correctional Institution. Mr. Joe Hendricks (MLP) claimed on medical documents that on the day of October 26, 2021, he performed a rectum exam on me while I was totally handcuffed when this procedure happened. This was the same day that I was sexually assaulted by Mr. Joe Hendricks.

(Id.) As relief, Plaintiff requests "$25 million dollars." (Id., p. 5.) As Exhibits, Plaintiff attaches the following: (1) A partial copy of Plaintiff's medical records for October 26, 2021 (Document

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 4-1); (2) A copy of Plaintiff's "Central Office Administrative Remedy Appeal" dated June 14, 2022 (Document No. 4-2); and (3) A copy of Administrator Ian Connor's Response to Administrative Remedy No. 1113896-A1 dated October 20, 2022 (Document No. 4-3).

## STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court

will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of

constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Bivens core premise is to deter individual officers' unconstitutional acts. Correctional Services Corp v. Malesko, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)(declining to extend Bivens to confer a right of action for damages against private entities acting under the color of federal law). In Bivens, the Supreme Court first recognized that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court. Bivens, 403 U.S. at 396, 91 S.Ct. 1999; Hernandez v. Mesa, 589 U.S. ___ 140 S.Ct. 735, 741, 206 L.Ed.2d 29 (2020)(In Bivens, "the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents.") In the years following the decision in Bivens, the Supreme Court recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment for a claim of sex discrimination, Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment for a prisoner's claim of inadequate medical care, Carlson v. Green, 446 U.S. 14, 100, S.Ct. 1468, 64 L.Ed.2d 15 (1980). Since Carlson, the Supreme Court has consistently refused to extend Bivens liability to any new context or new category of defendants. See Egbert

4

v. Boule, 596 U.S. 482, 486, 142 S.Ct. 1793, 1799-80, 213 L.Ed.2d 54 (2022)(noting that the Supreme Court has declined 11 different time to imply similar causes of actions in the years since *Bivens* was decided); FDIC v. Meyer, 510 U.S. at 484-86, 114 S.Ct. 996(declined to extend Bivens to permit suit against a federal agency); also see Bulger v. Hurwitz, 62 F.4th 127, 138 (4th Cir. March 3, 2023)(rejecting request to extend *Bivens* to a prisoner's Eighth Amendment failure to protect and intervene claims against BOP officials); Dyer v. Smith, 56 F.4th 271, 275 (4th Cir. 2022)(declining request to extend *Bivens* to claims against Transportation and Security Administration officers for violations of the First and Fourth Amendments); Tate v. Harmon, 54 F.4th 839, 841-42 (4th Cir. 2022)(rejecting request to extend *Bivens* to conditions of confinement claim under the Eighth Amendment); Annappareddy v. Pascale, 996 F.3d 120, 126 (4th Cir. 2021)(declining to extend *Bivens* to claims against federal prosecutors and investigators for violations of the Fourth and Fifth Amendments); Earle v. Shreves, 990 F.3d 774, 776 (4th Cir. 2021)(rejecting request to extend *Bivens* to claims of unlawful retaliation by prison officials for filing grievances in violation of the First Amendment); Tun-Cos v. Perrotte, 922 F.3d 514, 517-18 (4th Cir. 2019)(declining to extend *Bivens* to claims of unlawful searches and seizures by Immigration and Customs Enforcement agents in violation of the Fourth and Fifth Amendments); Holly v. Scott, 434 F.3d 287, 290 (4th Cir. 2006)(declining to extend *Bivens* to an Eighth Amendment claim against employees of a privately operated prison); Lebron v. Rumsfeld, 670 F.3d 540 (4th Cir. 2012)(declining to extend *Bivens* in a military context). In 2017, the Supreme Court made clear the very limited scope of Bivens actions and that "expanding the Bivens remedy is now a disfavored judicial activity." Ziglar v. Abbasi, 582 U.S. 120, 134, 137 S.Ct. 1843, 1857, 198 L.Ed.2d 290 (2017). If the asserted Bivens claim is not one

of the three <u>Bivens</u>-type actions previously recognized by the Supreme Court, closer scrutiny is required. <u>Id.</u> More recently, the Supreme Court in <u>Egbert</u> noted "[n]ow long past the heady days in which this Court assumed common-law powers to create causes of action [such as <u>Bivens</u>], we have come to appreciate more fully the tension between this practice and the Constitution's separation of legislative and judicial power." <u>Egbert</u>, 596 U.S. at 490, 142 S.Ct. at 1802(internal citations omitted). The Supreme Court stated that "[i]n both statutory and constitutional cases, our watchword is caution." <u>Hernandez</u>, 589 U.S. at ___, 140 S.Ct. at 742; <u>Tate</u>, 54 F.4th at 844(stating that the Supreme Court's "recent admonitions are clear: '[T]he Judiciary's authority to [create a cause of action under the Constitution] is, at best, uncertain,' . . . ; courts must beware of 'arrogating legislative power'. . .; and 'our watchword is caution,'. . .")(internal citations omitted). The Supreme Court explained that "a federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress, . . . and no statute expressly creates a *Bivens* remedy." <u>Hernandez</u>, 589 U.S. at ____, 140 S.Ct. at 742; <u>also see</u> <u>Egbert</u>, 596 U.S. at 502, 142 S.Ct. at 1809("[M]ore recently, we have indicated that if we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution.")

Although the Supreme Court called into doubt the validity of the "implied rights" in <u>Bivens</u>, the Supreme Court did not overturn <u>Bivens</u>. <u>Id.</u> The Supreme Court, however, "impose[d] a highly restrictive analysis for <u>Bivens</u> cases by (1) narrowing the precedential scope of <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u> and (2) imposing a broad standard of criteria that, if satisfied, require courts to reject any expansion of <u>Bivens</u> remedies." <u>Tate</u>, 54 F.4th at 844. The Supreme Court explained that when asked to extend <u>Bivens</u>, a Court should engage in a two-step inquiry.

Hernandez, 489 U.S. at ___, 140 S.Ct. at 743. First, the Court should inquire "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" Id.(citation omitted). The Supreme Court clarified that its "understanding of a 'new context' is broad," thereby requiring the scope of the exiting Bivens causes of action to be narrowly construed. Id. Second, if a claim is found to arise in a new context, the Court should inquire "whether there are any 'specific factors [that] counsel hesitation' about granting the extension." Id.(quoting Abbasi, 582 U.S. at 135, 137 S.Ct. at 1857); also see Greenpoint Tactical Income Fund LLC v. Pettigrew, 38 F.4th 555, 561 (7th Cir. 2022)(The two-part test used post-Abbasi to evaluate claims under Bivens remains the same after Egbert); Feao v. Ponce, 2023 WL 3213553 (C.D.Cal. March 3, 2023)(Although Egbert indicates that existence of "special factors" can itself create a new context, the court rejected defendants' argument that Egbert had the effect of collapsing the inquiry altogether and dispensing with the "next context" inquiry).

In Abbasi, the Supreme Court set out a framework for determining whether a claim presents a "new Bivens context." Abbasi, 582 U.S. at 140, 137 S.Ct. at 1860. As stated above, the Supreme Court has recognized a Bivens remedy in only three cases: (1) A Fourth Amendment claim against federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant; (2) A Fifth Amendment general discrimination claim against a congressman for firing his female administrative assistant; and (3) An Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma. Id. at 1854-55(citations omitted). The Abbasi Court explained that "[i]f the case is different in a meaningful way from previous Bivens cases decided by this Court, then the context is new." Id. at 1859. Although the Abbasi Court did

not provide "an exhaustive list of differences that are meaningful enough to make a given context a new one," the Court did provide the following "instructive" examples:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

Id. at 1859-60. In Tate, the Fourth Circuit recognized that a single fact distinguishing a case from Bivens, Davis, and Carlson, potentially can create a "new context." Tate, 54 F.4th at 846.

Liberally construing Plaintiff's Complaint, Plaintiff appears to argue that Defendant Hendricks violated his Eighth Amendment rights by subjecting him to "sexual assault" during a medical examination.[2] (Document No. 4.) Thus, the undersigned first considers whether Plaintiff's Eighth Amendment claim concerning his alleged sexual assault constitutes an improper extension of Bivens. Although the Supreme Court has recognized an implied right of action for an Eighth Amendment claim based on deliberate indifference to serious medical needs in Carlson, the Supreme Court has never held that *Bivens* extends to a claim for sexual assault. Greene v. United States, 2022 WL 13638916, * 4 (6th Cir. Sept. 13, 2022)(holding that plaintiff's Eighth Amendment claim against federal correctional officers for sexual harassment and assault was a new *Bivens* context); C.J. v. United States, 2023 WL 3854056, * 2 (E.D.Ky. June 6, 2023)(finding plaintiff's allegations that she was subjected to a sexual assault and battery constituted a new *Biven* context); Berry v. Fitzgerald, 2023 WL 2424181, * 5 (D.N.J. March 9, 2023)(finding that plaintiff's sexual assault claim presented a "new context"); Ball v. Streeval,

---

[2] A review of Plaintiff's "Central Office Administrative Remedy Appeal" and Administrator Connors' Response reveals that Plaintiff was alleging the assault resulted in cruel and unusual punishment in violation of the Eighth Amendment. (Document Nos. 4-2 and 4-3.)

655 F.Supp.3d 436, 442-43 (W.D.Va. Feb. 2023)(finding plaintiff's Eighth Amendment claim asserting sexual assault was "sufficiently different to constitute a new Bivens context"); Carthen v. Scott, 2023 WL 346675, * 6 (E.D.Cal. Jan. 20, 2023)(Since "Plaintiff's Eighth Amendment sexual harassment/sexual assault claims involve entirely different conduct than the conduct in *Carlson*, Plaintiff's Eighth Amendment claims also arise in a new context.") Based upon the foregoing, the undersigned finds that Plaintiff's sexual assault claim presents a new Bivens context.

Next, the Court must determine whether Bivens should be extended to the above new context. First, the Court should consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new freestanding remedy in damages." Wilkie, 551 U.S. at 550, 127 S.Ct. 2588. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." Abbasi, 137 S.Ct. at 1865("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."); Malesko, 534 U.S. at 69, 122 S.Ct. at 515("So long as the plaintiff had an avenue for some redress," a court may decline to provide a new Bivens remedy). Alternative remedies can include administrative, statutory, equitable, and state law remedies. The undersigned finds that Plaintiff had alternative remedies available to him through the BOP administrative remedy program. The BOP administrative remedy program allows inmates to seek formal review of issues relating to any aspect of his or her confinement. Additionally, remedies are available through the BOP's Office of Internal Affairs and the Prison Rape Elimination Act ("PREA").[3] See Fulks v. Watson, 88

---

[3] The "PREA is a federal law designed to reduce incidents of sexual misconduct in correctional facilities by using federal funding and educational initiatives." *Worley v. Ewing*, 2021 WL 951704, * 4 (S.D.W.Va. March 12, 2021)(J. Goodwin). Specifically, the PREA requires correctional agencies "to enhance education, investigation, protection,

F.4th 1202, 1209 (7th Cir. Dec. 13, 2023)("[T]here are remedies other than a private right of action, including through the Bureau's Office of Internal Affairs, which is able to provide relief for an inmate who experienced sexual assault. In addition, Congress enacted the Prison Rape Elimination Act of 2003, Pub. L. No. 108-79, 117 Stat. 972, to make alternative remedies available.") Finally, the Federal Tort Claims Act authorizes claims for damages against the United States for certain intentional torts committed by federal officers.[4] See Millbrook v. United States, 569 U.S. 50, 54 – 57, 133 S.Ct. 1441, 185 L.Ed.2d 531 (2013); also see Ball, 655 F.Supp.3d at 443-44(explaining that the FTCA offers an alternative remedy for "certain intentional torts committed by federal officers, including assault and battery").

---

prevention, and prosecution of sexual offenses." *Id.*

[4] An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA, however, does not create a new cause of action. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Id.* Thus, the FTCA is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a); *also see Bellomy v. United States*, 888 F. Supp. 760 (S.D.W.Va. 1995). As a general matter, filing a timely administrative claim is jurisdictional and cannot be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)(*citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Muth v. United States*, 1 F.3d 246 (4th Cir. 1993); *Gibbs v. United States*, 34 F.Supp.2d 405 (S.D.W.Va. 1999). Thus, before an inmate can bring a claim under the FTCA, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11 and 543.30 to 543.32. Additionally, the Court cannot hold the case in abeyance while a plaintiff presents an administrative tort claim with the appropriate agency. *See Plyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990)("Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired."). The Fourth Circuit has also recognized that "[a]n administrative claim must be properly presented." *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). In the above action, there is no allegation or indication that Plaintiff satisfied the requirement of presenting an administrative claim for a sum certain to the proper agency. A liberal review of Plaintiff's Complaint reveals only allegations of personal liability against Defendant Hendrix for violations of Plaintiff's Eighth Amendment rights. A review of Plaintiff's exhibits reveal only that he pursued the exhaustion of administrative remedies concerning his *Bivens* claim. Furthermore, the United States is the only proper Defendant for a FTCA action, and Plaintiff clearly failed to name the United States as a party. Finally, it is well recognized that a plaintiff pursuing a FTCA claim to judgment assumes a calculated risk. Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Therefore, if plaintiff elects to pursue his FTCA claim to "judgment," his "strategic decision triggers application of § 2676 to 'any action' – including constitutional claims – against the federal employee whose conduct was at issue in the adjudicated FTCA claim." The undersigned finds that the record in the instant case is void of any indication that Plaintiff was assuming such a

Irrespective of whether an alternative remedy exists, a <u>Bivens</u> remedy should not be extended where "there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" <u>Abbasi</u>, 137 S.Ct. at 1857(quoting <u>Carlson</u>, 446 U.S at 18, 100 S.Ct. 1468). Although the Supreme Court has not defined what constitutes "special factors counselling hesitation," the Court has observed that "[t]he necessary inference . . . is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." <u>Id.</u> at 1857-58. Put simply, "a factor must cause a court to hesitate before answering that question in the affirmative." <u>Id.</u> at 1858. "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." <u>Id.</u> at 1865. The <u>Abassi</u> Court explained that since Congress did not provide for a standalone damages remedy against federal jailers when it passed the Prison Litigation Reform Act ["PLRA"], "[i]t could be argued that this suggest Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." <u>Id.</u> The Supreme Court explained as follows:

> Some 15 years after *Carlson* was decided, Congress passed the [PLRA] of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. *See* 42 U.S.C. § 1997e. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs.

<u>Id.</u> The PLRA's exhaustion requirement clearly applies to <u>Bivens</u> actions. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The Supreme Court has further recognized that in enacting the PLRA, Congress intended to "reduce the quantity and improve the quality of prisoner suits." <u>Jones v. Bock</u>, 549 U.S. 199, 203-04, 127 S.Ct. 910, 1666 L.Ed.2d 798 (2007)(citing <u>Porter v. Nussle</u>, 534 U.S. at 524, 122 S.Ct. at 983). Additionally, the Supreme

---

calculated risk and also pursuing a claim under the FTCA.

Court has stated that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Turner v. Safely, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987)(citation omitted). The Supreme Court explained that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." Id. Since prison administration is a task that has been committed to the responsibility of the legislative and executive branches of government, the Supreme Court has stated that "separation of powers concerns counsel a policy of judicial restraint." Id., 482 U.S. at 85, 107 S.Ct. at 2259. Thus, the foregoing supports a finding that Congress has been active in creating legislation regarding prisoner litigation and such causes the undersigned hesitation as to expanding Bivens to Plaintiff's sexual assault claim. See Reid, 2018 WL 1588264 at * 3(finding Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim); Gehrke, 2018 WL 1334936 at * 4(same); Gonzalez, 269 F.Supp.3d at 61(same); Ball, 655 F.Supp.3d at 443-45(explaining that special factors counselled hesitation in recognizing a new cause of action under Bivens for sexual assault claims).

   Furthermore, the Abbasi Court explained that "the decision to recognize a damage remedy requires an assessment of its impact on governmental operations systemwide." Abbasi, 137 U.S. at 1858. The impact on governmental operations systemwide include "the burdens on Government employees who are sued personally, as well as the projected costs and consequences to the Government itself when the tort and monetary liability mechanisms of the legal systems are used to bring about the proper formulation and implementation of public policies." Id. The Supreme Court has emphasized that "'Congress is in a far better position than a court to evaluate

12

the impact of a new species of litigation' against those who act on the public's behalf." <u>Wilkie</u>, 551 U.S. at 562, 127 S.Ct. 2588(quoting <u>Bush</u>, 462 U.S at 389, 103 S.Ct. 2404). In <u>Abbasi</u>, the Supreme Court further explained as follows:

> Claims against federal officials often create substantial costs, in the form of defense and indemnification. Congress, then, has a substantial responsibility to determine whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government. In addition, the time and administrative costs attendant upon intrusions resulting from the discovery and trial process are significant factors to be considered.

<u>Abbasi</u>, 137 U.S. at 1856. The undersigned notes that expanding <u>Bivens</u> to allow an Eighth Amendment sexual assault claim would clearly result in an increase of suits by inmates. This increase in suits would result in increased litigation costs to the Government and impose a burden upon individual employees to defend such claims. Accordingly, the undersigned finds there are special factors counselling hesitation as to the expansion of <u>Bivens</u> to an Eighth Amendment sexual assault claim. <u>See</u> <u>Greene</u>, 2022 WL 13638916, * at 4; <u>C.J.</u>, 2023 WL 3854056, * at 2; <u>Berry</u>, 2023 WL 2424181, * at 5 - 6; <u>Ball</u>, 655 F.Supp.3d at 443-45; <u>Carthen</u>, 2023 WL 346675, * 6 – 8. Based upon the foregoing, the undersigned respectfully recommends that the District Court find that Plaintiff has failed to state a claim upon which relief cannot be granted concerning his Eighth Amendment sexual assault claim.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 4), and **REMOVE** this matter from the docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

13

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 23, 2024.

Omar J. Aboulhosn
United States Magistrate Judge