IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KEVIN WHITE,

    Plaintiff,

v.                        CIVIL ACTION NO. 1:23-00388

JOE HENDRICKS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 23, 2023.  See ECF No. 12.  In that PF&R, he recommends that this court (1) deny plaintiff Kevin White's application to proceed without prepayment of fees and costs (ECF No. 1), and (2) dismiss this action.  See ECF No. 12 at 13.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Mr. White filed timely objections.  See ECF No. 13.

Mr. White, an inmate at FCI Herlong and former inmate at FCI McDowell, in McDowell County, West Virginia, alleges that defendant Joe Hendricks, a health-care provider at FCI McDowell, sexually assaulted him during a medical procedure on October 26, 2021.  See ECF No. 4 at 4.  Mr. White claims that this constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  He seeks to recover twenty-five million dollars in damages from Mr. Hendricks through a claim brought pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See ECF No. 4.

Magistrate Judge Aboulhosn recommends dismissing this case because there is not a recognized Bivens cause of action for sexual-assault claims, (see ECF No. 12 at 8), and because it would be inappropriate for this court to expand Bivens to this new context, (see id. at 13).

Mr. White objects to Magistrate Judge Aboulhosn's recommendation for the following reasons:  (1) Mr. White wants his "day in court" so that he "can prove [his] true innocence[,]" (2) he has met the requirements to proceed in forma pauperis under 28 U.S.C. § 1915, (3) the alleged acts are prohibited by the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq, and (4) he has "stated all of [his] claim[s] properly. See ECF No. 13.  Notably, Mr. White does not address the PF&R's

2

reasons for recommending dismissal of his lawsuit:  that his claim presents a new Bivens context and there are special factors counseling against extending Bivens to his claim.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).  However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled.  Kesterson v. Toler, No. 2:09-0085, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

3

Mr. White's objections are unresponsive to the PF&R's reasoning.  Magistrate Judge Aboulhosn recommends denying the application to proceed without prepayment of costs because Mr. White is pursuing an impermissible Bivens claim.  Mr. White's objections are that he wants to prove his innocence and general objections to the PF&R's recommendation to dismiss this case.  He does not "direct the court to a specific error in the magistrate's proposed findings and recommendations."  Hubbard v. West Virginia, No. 1:06-00610, 2007 WL 5161763, at *1 (S.D.W. Va. Aug. 30, 2007) (quoting Orpiano, 687 F.2d at 47).  When that is the case, objections must be overruled as unresponsive and irrelevant.  See id.; see also Quinones-Cedeno v. Rickard, No. 1:20-00466, 2020 WL 5087894, at *1 (S.D.W. Va. Aug. 28, 2020); Hancock v. United States, No. 1:20-00483, 2024 WL 1342784, at *1 (S.D.W. Va. Mar. 29, 2024).

In the absence of specific objections to a PF&R, the court reviews only for clear error, Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and the court need not give any explanation for adopting the magistrate judge's recommendation.  Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983).  The court finds no clear error in the PF&R.

The court has reviewed the record, the Magistrate Judge's PF&R, and Mr. White's objections.  For the reasons discussed above, his objections are **OVERRULED**.

4

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Mr. White's application to proceed without prepayment of fees and costs (ECF No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 5th day of September, 2024.

                                        ENTER:

                                        David A. Faber
                                        Senior United States District Judge